### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
### FORT LAUDERDALE DIVISION

MICHELE FANDINO,

                Plaintiff,

                                   Case No. 0:21-cv-61146-WPD

v.

RADIUS GLOBAL SOLUTIONS LLC,

                Defendant.

_____/

## DEFENDANT, RADIUS GLOBAL SOLUTIONS, LLC'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Radius Global Solutions, LLC (RGS), through counsel and under the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by plaintiff, Michele Fandino (plaintiff), and states:

### JURISDICTION AND VENUE

1. Upon information and belief, RGS admits this Court has jurisdiction. Except as specifically admitted, RGS denies the allegations in ¶ 1.

2. Upon information and belief, RGS admits this Court has jurisdiction. Except as specifically admitted, RGS denies the allegations in ¶ 2.

3. Upon information and belief, RGS admits this Court has jurisdiction. Except as specifically admitted, RGS denies the allegations in ¶ 3.

4. Upon information and belief, RGS admits venue is proper. Except as specifically admitted, RGS denies the allegations in ¶ 4.

### PARTIES

5.      Upon information and belief, RGS admits plaintiff is a natural person residing in Broward, Florida.  Except as specifically admitted, RGS denies the allegations in ¶ 5.

6.      RGS admits it has a place of business in Edina, Minnesota.  Except as specifically admitted, RGS denies the allegations in ¶ 6.

<u>**DEMAND FOR JURY TRIAL**</u>

7.      RGS admits plaintiff purports to demand a jury trial, but denies any violations, liability, and wrongdoing under the law.  Except as specifically admitted, RGS denies the allegations in ¶ 7.

<u>**FACTUAL ALLEGATIONS**</u>

8.      RGS admits an account in plaintiff's name was placed with it for collections.  Except as specifically admitted, RGS denies the allegations in ¶ 8.

9.      RGS denies the allegations in ¶ 9 for lack of knowledge or information sufficient to form a belief therein.

10.      RGS denies the allegations in ¶ 10 for lack of knowledge or information sufficient to form a belief therein.

11.      RGS denies the allegations in ¶ 11.

12.      RGS admits part of his business is the collection of debts.  Except as specifically admitted, RGS denies the allegations in ¶ 12.

13.      RGS admits part of his business is the collection of debts.  Except as specifically admitted, RGS denies the allegations in ¶ 13.

14.      RGS admits the allegations in ¶ 14.

15.     RGS admits the allegations in ¶ 15.

16.     RGS admits the allegations in ¶ 16.

17.     RGS admits the allegations in ¶ 17.

18.     RGS denies the allegations in ¶ 18 as calling for a legal conclusion.

19.     RGS denies the allegations in ¶ 19 as calling for a legal conclusion.

20.     RGS denies the allegations in ¶ 20.

21.     RGS denies the allegations in ¶ 21.

22.     RGS denies the allegations in ¶ 22.

23.     RGS denies the allegations in ¶ 23.

24.     RGS denies the allegations in ¶ 24.

25.     RGS denies the allegations in ¶ 25.

26.     RGS denies the allegations in ¶ 26.

27.     Exhibit A speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 27 state otherwise, denied.

28.     RGS denies the allegations in ¶ 28.

29.     RGS denies the allegations in ¶ 29.

30.     RGS denies the allegations in ¶ 30.

31.     RGS denies the allegations in ¶ 31.

32.     RGS denies the allegations in ¶ 32.

**COUNT 1**
**VIOLATION OF 15 U.S.C. § 1692c(b)**

33.     RGS reasserts the foregoing as if fully stated herein.

34.     The FDCPA speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 34 state otherwise, denied.

35.     RGS denies the allegations in ¶ 35.

36.     RGS denies the allegations in ¶ 36, including subparts (a) through (c).

## COUNT 2
## VIOLATION OF FLA. STAT. § 559.72(5)

37.     RGS reasserts the foregoing as if fully stated herein.

38.     The FCCPA speaks for itself and is the best evidence of its content.  To the extent the allegations in ¶ 38 state otherwise, denied.

39.     RGS denies the allegations in ¶ 39.

40.     RGS denies the allegations in ¶ 40, including subparts (a) through (d).

## RGS'S AFFIRMATIVE DEFENSES

1.     To the extent that any violations are established, any such violations were not intentional and resulted from *bona fide* error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2.     RGS denies any liability; however, regardless of liability, plaintiff has suffered no actual damages as a result of RGS's purported violations.

3.     One or more claims asserted by plaintiff is barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

4.     Assuming that plaintiff suffered any damages, she has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

5.      Any harm suffered by plaintiff was legally and proximately caused by persons or entities other than RGS and were beyond the control or supervision of RGS or for whom RGS was and is not responsible or liable.

6.      Plaintiff has failed to state a claim against RGS upon which relief may be granted.

WHEREFORE, Defendant, Radius Global Solutions, LLC, requests the Court dismiss this action with prejudice and grant it any other relief the Court deems appropriate.

Respectfully submitted,

*/s/  Michael P. Schuette*
Michael P. Schuette, Esq.
Florida Bar No. 0106181
Dayle M. Van Hoose, Esq.
Florida Bar No. 0016277
SESSIONS, ISRAEL & SHARTLE, LLC
3350 Buschwood Park Drive, Suite 195
Tampa, Florida 33618
Telephone: (813) 890-2460
Facsimile: (877) 334-0661
mschuette@sessions.legal
dvanhoose@sessions.legal
*Counsel for Defendant,*
*Radius Global Solutions, LLC*

## CERTIFICATE OF SERVICE

I certify that on this 8th day of June 2021, a copy of the foregoing was filed electronically via CM/ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below:

Jibrael S. Hindi, Esq.
Thomas J. Patti, III, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, FL 33301
jibrael@jibraellaw.com
tom@jibraellaw.com


*/s/ Michael P. Schuette*
Attorney